MARION DODD *v*. STATE OF MISSISSIPPI.

[40 South. Rep., 545.]

CRIMINAL LAW. *Harmless error. Hostile witness. Examination. Murder.*

Allowing a state's witness to be treated as hostile because of his previous statements to the district attorney is not reversible error where the witness did not vary his testimony as a result of being so treated and no effort was made to impeach him by proof of variant statements, the accused not being prejudiced thereby.

FROM the circuit court of, first district, Carroll county. HON. J. T. DUNN, Judge.

Dodd, the appellant, was indicted for the murder of one John Scott, tried and convicted of manslaughter, and appealed to the supreme court. The opinion of the court contains a statement of all the facts pertinent to the point decided.

*Hughston & McEachern,* for appellant.

The court should not have allowed the district attorney to examine the witness, Adolphus Lott, in the manner in which he did, allowing him to ask leading questions and also to ask him a question which was a direct attempt to lay the predicate for introducing contradictory statements made by said witness to the district attorney a few moments before the trial.

First, the general rule is that in the examination in chief a leading question may not be asked a witness. The only exceptions to this general rule are when a witness appears to be hostile to the party introducing him, or in the interest of the other party, or unwilling to give evidence, or where the omission in his testimony is evidently caused by want of recollection—which a suggestion may assist, or where the witness is a child of tender age, or is an ignorant person or one having a defect of speech. 1 Greenleaf on Evidence, sec. 435; 8th Smed. & M., 104. The district attorney did not bring himself within any of the exceptions. There is no evidence in the record, nor did the district attorney state to the court that this witness was hostile, in the interest of the defendant or unwilling to give evidence. The district attorney did not contend that the witness was a child of tender age, nor was an ignorant person, nor that he had any defect in speech.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The district attorney was permitted to lead his witness, because he stated to the court that the witness had made a different statement on private examination and that he was taken by surprise. The case is not at all similar to *Dunk's case* in 84 Miss., 452 (s.c., 36 South. Rep., 609), for there

the prosecuting attorney depended on hearsay; in the instant case the district attorney had been diligent and careful in examining his witness and was entrapped. *Moore* v. *Railroad Co., 59* Miss., 243.

The rule is that the propriety of admitting or excluding leading questions put by a party to his own witness is a matter within the discretion of the trial court. See the excellent discussion of the subject in 8 Ency. Pl. & Pr., 83.

It is manifest that no harm resulted from the admission of these leading questions, as the witness was not thereby induced to make any material change in his testimony. The questions asked by the district attorney as to statements made by the witness in the room where the witnesses were consulted were permissible, since the district attorney did not attempt to impeach the witness. If it be considered that the discretion of the court was not abused in permitting the representative of the state to cross-examine, then such questions were unobjectionable under the rule that it is permissible to cross-examine a witness as to any matters that are collateral, provided that the cross-examiner accepts the answers and does not impeach the witness. *Tucker* v. *Donald,* 60 Miss., 460.

Argued orally by *E. V. Hughston,* for appellant, and by *R. V. Fletcher,* assistant attorney-general, for appellee.

Calhoon, J., delivered the opinion of the court.

This record discloses an indictment for murder and conviction of manslaughter. The only point for consideration arises out of the examination by the district attorney of his own witness, Lott, the court permitting him to treat this witness as hostile, because taking him by surprise in testifying contrary to what he had previously told him on private examination. The question was whether the accused drew his pistol before or after the deceased stooped to pick up a brick. It would be enough to say that no harm resulted as the witness did not

vary his version of the facts, and no effort was made by the state to impeach by evidence of variant statements. In the case of *Dunk* v. *State,* 84 Miss., 454, 455 (36 South. Rep., 609), the surprise to the district attorney was based on hearsay, and not on statements made on any previous personal inquiry, and, besides, the district attorney was permitted to introduce witnesses to prove contradictory statements in order to impeach him. That case was right, and we refer to it for a full exposition of the law on the subject. It must be such an abuse of discretion in allowing cross-examination of one's own witness as works harm to justify this court in reversing.

*Affirmed.*